O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37/79

**CIVIL MINUTES - GENERAL**

| Case No. | ~~CV~~ MDL 09-2074 PSG (CTx) | Date | May 20, 2010 |
|---|---|---|---|
| Title | In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

            Not Present                                    Not Present

**Proceedings:**     **(In Chambers) Order Requiring Re-Briefing of Defendants' Motions to Dismiss**

On November 9, 2009, the Court held a status conference, during which the Court agreed to extend the page limitations for Defendants' motions to dismiss: 60 pages for the motions, 60 pages for the opposition, and 30 pages for the replies.  These page limitations far exceed those imposed by the Court's Standing Order.  *See Standing Order* § 5(c).

On December 15, 2009, WellPoint Defendants filed their motion to dismiss, with UnitedHealth Group, Inc. and Ingenix, Inc. (collectively, "UHG Defendants") filing their motion to dismiss on the same day.  On January 29, 2010, Plaintiffs filed their opposition to the motions, which was followed by WellPoint Defendants' and UHG Defendants' respective replies on March 12, 2010.  The briefs filed by WellPoint Defendants and Plaintiffs violate the spirit if not the letter of the Court's generous page limitations.

To summarize: WellPoint Defendants' motion is 52 pages long with 44 footnotes; UHG Defendants' motion is 7 pages with 6 footnotes; Plaintiffs' opposition is 61 pages long with 62 footnotes; WellPoint Defendants' reply is 27 pages with 46 footnotes; and UHG Defendants' reply is 4 pages long with 6 footnotes.  All of the footnotes are single spaced, and Plaintiffs' footnotes are smaller than the font size permitted by the Local Rules and the Court's Standing Order.  *See* L.R. 11-3.1.1; *Standing Order* § 5(c).  Thus, of the 151 pages of briefing on the motions, the Court is confronted with 164 footnotes.  These footnotes are not inconsequential.  They raise new substantive arguments, respond to opposing arguments, string cite to additional authority, and distinguish cases.  The use of footnotes in this way effectively circumvents the Court's page limitations and is not acceptable.  *See Walraven v. Astrue*, No. 07-2041, 2008 WL

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37/79

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2074 PSG (CTx) | Date | May 20, 2010 |
|---|---|---|---|
| Title | In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation | | |

5427735, at *2 n.5 (D. Ariz. Dec. 31, 2008) ("[S]ubstantive arguments are to be presented in the text of a motion, not in footnotes, for otherwise the Court's page limitations and double-spacing requirements are rendered meaningless."). Critically, the misuse of footnotes also undermines the Court's ability to resolve the motions:

> The Court takes a moment to note its frustration with the parties' overuse of footnotes in their briefing throughout this case. . . . The practice of putting substantive material in footnotes provides difficult reading for the Court and is used by the parties to avoid the page limitations in the local rules. It is also poor advocacy: a request in a footnote is much more likely to be overlooked or missed by the Court. If an argument is worth making, a party should put the argument in the body of its brief.

*Bach v. Forever Living Prods. U.S., Inc.*, 473 F. Supp. 2d 1127, 1131-32 (W.D. Wash. 2007).

Accordingly, the parties are ordered to re-brief the motions to dismiss. Briefs will be subject to the same page limitations approved at the November 9, 2009 status conference, with the motions to dismiss limited to a combined 60 pages, the opposition limited to 60 pages, and the replies limited to a combined 30 pages. Additionally, all footnotes must comply with the Court's Standing Order and the Local Rules on font size and must be double-spaced.

The Court sets the following briefing schedule: Defendants' motions are to be filed by June 7, 2010; Plaintiffs' opposition is to be filed by June 28, 2010; and Defendants' replies are to be filed by July 19, 2010. WellPoint Defendants need not re-file the supporting declarations, and the briefing of Plaintiffs' Objections and Request to Strike Declarations and Exhibits Submitted by Defendants in Support of their Motions to Dismiss remain as submitted. A hearing on the motions to dismiss is set for August 9, 2010, at 1:30.

**IT IS SO ORDERED.**